## STARRETT BROS. & EKEN, Inc., v. ASHER FIREPROOFING CO. et al.

### No. 5472.

Court of Appeals of the District of Columbia.

Argued April 12, 1932.

Decided May 23, 1932.

Harvey D. Jacob, Walter M. Bastian, and Daniel S. Ring, all of Washington, D. C., for appellant.

P. H. Marshall, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

## PER CURIAM.

Starrett Bros. & Eken, Inc., whom we shall call Starrett, brought an action against Asher Fireproofing Company, whom we shall call Asher, and Globe Indemnity Company, whom we shall call Indemnity Company. The trial court sustained a demurrer to the declaration. The action was begun on a bond for $5,000 in which Asher was principal and Indemnity Company surety. Starrett was general contractor for the construction of a dormitory building at the University of Michigan. Asher was the subcontractor for the cement flooring, and, after completing the work, entered into a bond, called a maintenance bond, conditioned as follows:

"Whereas the Principal has entered into a certain written contract with the Obligee for the performance of certain concrete work and cement finish in the Lawyers Club and Dormitory Buildings for the University of Michigan, at Ann Arbor, Michigan, and

"Whereas, said contract is now complete and final payment therefor is due and the Principal guarantees to make good repairs or replacements necessary on account of any defects in material or workmanship in the cement flooring for a period of one year from September 1st, 1924.

"Now, therefore, the condition of this obligation is such that if the said Principal shall make good any repairs or replacements necessary on account of any defects in material or workmanship in the cement flooring and save the Obligee harmless from any defects which might arise for a period of one year from September 1st, 1924, then this obligation to be null and void;" etc.

The declaration alleges that sundry defects in material and workmanship arose within the period of one year from September 1, 1924, of which due and timely notice was given to the principal and surety, and a failure to make good the defects, resulting in a breach of the obligation. It was agreed at the hearing on the demurrer that notice was given on September 14, 1925, and the trial court held this insufficient, either on the theory that notice must have been given within the one-year term of the bond, or else that with or without notice the liability on the bond wholly terminated at the expiration of the year.

The position that the parties have taken in this court is this: Appellant insists that, if the defects complained of arose within a period of one year from September 1, 1924, appellees were obliged to make good these defects, notwithstanding notice was not given until after the expiration of the year. Nearly as we understand appellees' contention, it is that the provision "for a period of one year" should be read as "during a period of one year," and, thus read, they insist the liability on the bond would end at the expiration of the year.

We find ourselves wholly unable to follow this latter reasoning. Liability on the bond would depend upon whether the condition of the bond was complied with or breached, and liability, once having attached, would be enforceable until barred by the statute of limitations. We think there can be no question that the condition of the bond here is that the principal should make good the defects arising during the one-year period subsequent to September 1, 1924. The declaration alleges that defects did arise within the year period, and that the principal in the bond refused to make them good, though due notice was given it to do so. In our opinion, these allegations are sufficient to show a breach of the obligation.

The bond itself is silent on the subject of notice to the surety, and ordinarily in such circumstances no notice is necessary, but we do not have to go that far in this case, for admittedly notice was given within fourteen days after the expiration of the year, and this, even in a case where there was a specific requirement as to notice, would, except where the delay resulted in damage to the party entitled to the notice, be reasonable and therefore sufficient.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.